Filed 2/15/24  P. v. Jones CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES FRANKLIN JONES,<br><br>        Defendant and Appellant. | B326463<br><br>(Los Angeles County Super. Ct. No. A362278) |

        APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

        John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Charles Franklin Jones appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief. We review the contentions appellant raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 1980, the Los Angeles County District Attorney filed an information charging appellant with the murder of Terry Shackelford (§ 187). The information also alleged that appellant personally used a firearm during the commission of the crime (§ 12022.5) and suffered a prior conviction for first degree robbery with use of a firearm (§§ 211, 667.5, subd. (a), 12022.5).

On June 5, 1981, the trial court instructed appellant's jury with the following CALJIC instructions: 8.10 (Murder), 8.11 (Malice Aforethought), 8.20 (Deliberate and Premeditated Murder), 8.30 (Unpremeditated Murder of the Second Degree), 8.42 (Sudden Quarrel or Heat of Passion and Provocation Explained), 8.44 (No Specific Emotion Alone Constitutes Heat of Passion), 8.50 (Murder and Manslaughter Distinguished), 8.52 (Murder or Manslaughter—Cooling Off Period), 8.70 (Duty of Jury as to Degree of Murder), 8.71 (Doubt Whether First or Second Degree Murder), 8.72 (Doubt Whether Murder or Manslaughter), and 8.74 (Unanimous Agreement as to Offense). The jury found appellant guilty of first degree murder. (*People v. Jones* (Jan. 29, 1982, No. 40543) [nonpub. opn.].) A different panel of this court affirmed his conviction on direct appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(*Ibid.*) We grant appellant's request that we take judicial notice of the appellate opinion, which was omitted from the appellate record, but we rely on its procedural history only.[2] (§ 1172.6, subd. (d)(3); see *People v. Clements* (2022) 75 Cal.App.5th 276, 292-293.)

On March 21, 2022, appellant filed a form petition for resentencing under former section 1170.95, now section 1172.6.[3] The court appointed counsel for appellant. The People opposed the petition, arguing that appellant was ineligible for relief because his jury was not instructed on natural and probable consequences, felony murder, or "aiding and abetting in any form." The People also argued that the jury necessarily found appellant acted with malice, because it convicted him of first degree murder despite being instructed on lesser included crimes including manslaughter. The People attached the jury instructions and verdict form to the opposition.

Appellant filed a reply brief. He urged the court to "examine the jury instructions and jury questions alongside the court's answers to determine whether there was an avenue for either felony-murder liability or [natural and probable consequences] NPC-liability." Appellant argued that the matter should proceed to an evidentiary hearing because appellant "averred it was possible" for the jury to have convicted him on a

---

[2] The prosecution attached a copy of the appellate opinion to its brief opposing appellant's petition for resentencing. Appellant also attached a copy of the opinion to his supplemental appellate brief.

[3] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

3

now-improper theory.  He did not address any specific jury instructions.

The trial court denied the motion on the grounds that appellant failed to make a prima facie case of eligibility for relief. The court stated that it reviewed and considered appellant's petition, the People's opposition brief, appellant's reply brief, the available court minutes, the jury instructions given at appellant's trial, and the oral arguments counsel made during the hearing. It "considered no other sources of information in reaching its decision," including the appellate opinion.  Based on the information it considered, the court concluded that appellant's murder conviction "necessarily means he actually killed the victim" because the jury was "not instructed on accomplice liability, aider and abettor liability, felony-murder, natural or probable consequences, on [*sic*] liability under the theory defendant counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder, or any other theory under which malice is imputed to a person based solely on that person's participation in a crime.  Thus, Petitioner's murder conviction necessarily means the jury determined he actually killed the victim."

Appellant timely appealed.

## DISCUSSION

Appellant's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216.  This court advised appellant of his right to file a supplemental brief (see *Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232), and appellant did so.  We evaluate the arguments set forth in that supplemental brief.  (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or

4

letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant first argues that he made a prima facie case for relief because the facts of his case "fit a theory morso [*sic*] of that of involuntary manslaughter than that of first degree murder." He points to an attached declaration, in which he asserts that he feared for his life when the victim, who was substantially larger than he was, "suddenly tried to grab the pistol out of my back pocket." Appellant asserts that he and the victim were "in a life or death struggle," and the gun discharged accidentally. He contends that this new evidence, which was not presented during his trial "to appellant's demise," shows the absence of malice.

This argument misapprehends the scope of the court's limited prima facie review. (See *People v. Lewis* (2021) 11 Cal.5th 952, 971.) At the prima facie stage, the court considers the allegations made in the section 1172.6 petition and makes a preliminary assessment of whether the petitioner would be entitled to relief if the allegations were proved. (*Ibid.*) The court "'should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion." (*Id.* at p. 972.) Appellant's declaration goes beyond the allegations of the petition and invites the sort of factfinding and evidentiary weighing that

is not permitted at the prima facie stage.  Here, the court properly considered the allegations in appellant's petition and the jury instructions given at appellant's trial and concluded from them that he could not have been convicted under a theory of imputed malice.

Appellant also argues that he is entitled to release because he has served a term in excess of that permitted by regulation. He cites a document titled "ISL Release Date Calculation" attached to his supplemental brief, which he asserts demonstrates that he should have been released from custody more than 13 years ago.  This argument is beyond the scope of section 1172.6, which concerns only revisions to sections 188 and 189.  Moreover, appellant was sentenced to an indeterminate term, which does not have a set release date; the document he attached appears to concern his eligibility for a parole hearing. The proper way to seek review of a decision of unsuitability or ineligibility for parole is to file a petition for writ of habeas corpus.  (*In re Roberts* (2005) 36 Cal.4th 575, 584.)

**DISPOSITION**

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P. J.


MORI, J.


6